May it please the Court, Drew Sieminski on behalf of Petitioner. I would like to reserve three minutes for rebuttal. Counsel, I'll go ahead and announce that you need to watch your own time, and for all counsel, we'll try and assist you if you're trying to reserve time, but you will need to monitor the clock. Yes, Your Honor. Thank you. To begin with, Your Honors, this Court should find that it has jurisdiction to consider all aspects of this case. Respondent asserts that Petitioner failed to exhaust all claims, including the fact that the judge didn't make an explicit credibility finding before the BIA. However, Petitioner raised this issue in the first sentence of the argument portion of his brief before the Board, specifically stating that the immigration judge did not make an explicit credibility finding. Your Honors, this is enough to exhaust the claim before the Board under Ninth Circuit law. Turning to the merits, Petitioner should be deemed credible. Here, the immigration judge did not make an explicit credibility finding. Rather, she noted some discrepancies and found that the burden of proof had not been met. She specifically said the Court does not know what to believe and that the Court does not believe there is sufficient evidence to establish that Respondent has suffered persecution in the manner in which he has described. We have a case directly on point on don't know what to believe, right? Because that's not good enough, right? Yes, Your Honor. IARCOTA V. INS 914 F. 2nd, 1375 says it's not entirely credible is not enough. Once the ‑‑ it's determined that the immigration judge did not make a negative credibility finding, Petitioner should have been given a rebuttable presumption under the REAL ID Act. REAL ID says, quote, if no adverse credibility determination is expressly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal. So, counsel, does that mean that because an adverse, an express adverse credibility finding was not made that you get ‑‑ that you get the benefit, or does it mean that because no credibility finding was made that it has to go back to the BIA for ‑‑ to remand to the IJ to enter a credibility finding? Well, Your Honors, we believe in certain cases such as one-child policy cases that once you are, in fact, given a rebuttable presumption, you are presumed credible, and once credible, therefore, you automatically qualify for asylum under the INA. Well, I think in our case of Huang, is it? I believe it is. We sent it back to the BIA in just such a situation. We said, well, the IJ didn't really do it. The BIA made a credibility finding, of course. We said, well, BIA can't make a credibility finding on its own hook, and we sent the case back for Ventura to the BIA to consider it. Yes, Your Honor. We did? Yes, Your Honor. There have been prior cases where the Ninth Circuit has decided that under certain circumstances, special circumstances like the one-child policy, it's not always necessary to do that. And here the real problem is the BIA did make a credibility finding, in a sense, by saying we uphold the IJ's credibility finding, but it couldn't do that. Yes, Your Honor. And it's ‑‑ Well, it's not that it's not a credibility finding, is it? It's more like it made an error of law in making that finding. Yes, Your Honor. And if it is, in fact, sent down to the Board, Petitioner believes that it should be sent down with express direction that he's given a rebuttable presumption to remind the Board that what should have been done in the first place was say he's presumed credible, let's look at the facts to see if there is enough to rebut the presumption, not simply to uphold a decision that the judge didn't actually end up making. And it's, on a clearer matter, Petitioner actually believes that it should be sent down to the immigration judge to make an adverse credibility or a positive credibility finding in the first instance. The Board could then review that decision. But your view is it needs ‑‑ it ought to be sent from the BIA to the IJ with express instructions to enter a credibility finding or to make a credibility finding? Well, Your Honor, on appeal, he should have been given a presumption of credibility. If this Court remands back down to the immigration judge, it should remand with instructions of a presumption of credibility. If it doesn't, then the judge would have to make a whole new ‑‑ Does the BIA have the discretion to return it to the IJ to do what the IJ should have done in the first place? I believe that the Board does have the discretion to do that. If the Board decides that it needs to determine credibility in the first instance on its own, well, then it should be done with a presumption of credibility. To me, that seems kind of odd that the Board is going to determine that it wants to make the credibility. If we're all going to acknowledge that there was no credibility finding, I don't see why the Board would be making that decision. Well, that seems to leave you with this situation. If the Board wishes to determine the case, then it must deem him credible. Yes. But if the Board says credibility may be a question here and the IJ didn't resolve it, does the BIA have the discretion to return it to the IJ to enter a credibility finding, which could go either in your client's favor or against you? Yes, it does. Okay. And, Your Honor, we would argue ‑‑ we would argue that given the testimony that was given and the confusing nature in which this entire trial took place, the totality of the record may suggest that the whole thing should be started over. I don't see how anybody is going to make a determination based on the points that were raised in our opening brief. I mean, we have a Petitioner who has had problems on multiple occasions with multiple parties and in multiple years. And then we have questioning, you know, from both the judge and government counsel that is vague and confusing in English, let alone once you translate it into another language. I don't understand how we can use this transcript to determine credibility. But that's for another day, though, is it not? I mean, if you happen to prevail here, that's something nice to take to the bank. If it goes back to the BIA, what happens then is, let's for the moment say anybody's guess, I'm sure they'll get it right, but whatever it is, is anybody's guess. And you, if they get it wrong again, you can come back to us. Yes, Your Honor. Perhaps we'll see you in six months. If I might reserve the last phrase. If it's six months, it will be the fastest. Yes, Your Honor. Good morning. May it please the Court, and may I at hand you, on behalf of the Respondent, the Attorney General. The agency's determinations of fact in the instant case are supported by substantial evidence. Petitioner had due process and three separate adjudicators determined that he is not eligible for relief from removal. Petitioner is not eligible for relief from removal because he was found adversely credible. Look, we have authority dead on that says an IJA can't say something like, gosh, there's this and there's that. In fact, we have the exact language that this one uses. And I don't know what to believe. We just have languages right on that. It says you can't do that. That's not a credibility finding. We also have language dead on that says the BIA can't make its own credibility finding under its new regs and such. Where does that leave us? I mean, this IJA simply didn't come out and say this person's not credible. Your Honor, the IJA in this case made an explicit adverse credibility determination. This Court in Leon Barrios stated that an immigration judge is not required to use a unique or particular words to make an adverse. What words did she make? Which page of the record are you referring to? Your Honor, first of all, the immigration judge stated that Petitioner's credibility was at issue. And that can be found at page 9. The IJA said that credibility was at issue? At issue, correct. And I've got three different places. I'm looking at this would be in her decision at page 9, the Court does not know what to believe. Page 11, the Court does not know what to believe. And page 12, the Court does not believe that he has satisfied his burden, but it doesn't she doesn't make any kind of a credibility finding. So what are we supposed to do with that? Your Honor, the immigration judge identified Petitioner's credibility as being at issue. In fact, she went so far as to say that the inconsistencies in the record went to the heart of his claim. She also stated that if Petitioner were credible, this case would be a clear case for asylum. However, she went ahead and denied relief, and there is no other analysis in the immigration judge's decision. A trier of fact in any place, in a district court, in a state court, a trier of fact can say, gee, I've got this question for me, and I don't know what to believe, so I think I'll punt. Or so I don't know what to believe, so I think I'll make it depend on what I had for breakfast, et cetera, et cetera. You can't make a credibility concern that way. I'm sorry. Your Honor, in Sidhu, this Court stated that where an immigration judge states that they do not believe or do not know what to believe, an alien's inability to corroborate his claim is fatal to the claim. And that is exactly what happened in this case. So, counsel, you're kind of looking at this as saying the IJ identified who had the burden of proof, the applicant. Yes. The IJ made it at least implicitly clear that in order to sustain his burden of proof, he had to be believed. She concluded he didn't he wasn't believed. From that, you infer that the unstated premise, he's not credible. Your Honor, we, under the Ninth Circuit case law, we, our position is that this was an explicit adverse credibility determination. The only thing that is missing. You can argue that it was logically a credibility, but you can't argue that it was an explicit credibility finding, because there's nothing explicit in this record. Your Honor, the only thing that is missing from this record is one sentence, which is, you are adversely credible. And this Court has stated in Leon Baru's that that is not necessary to have an explicit adverse credibility determination. No, but we've stated explicitly you can't say, I don't know what to believe. That is not a credibility finding. Your Honor. Explicit. I mean, we have explicitly taken this very phrase, because that's what IJ's sort of started drifting off to, so they don't have to really make a decision. I mean, gosh, I don't know what to believe. And so you lose. Your Honor, in all the cases cited by the petitioner, the central reason why this Court determined that there wasn't a sufficiently explicit adverse credibility determination is because they felt that they decided that the alien's due process rights were violated, where they were not placed on notice that his credibility was in question and was not given an opportunity to explain. Here, that is not the case. Petitioner was placed on notice that his credibility was at issue, was given the opportunity to explain. The immigration judge went through the explanations, and those explanations were rejected. And she also stated that he needed corroboration in light of the inconsistencies in the record. In fact, Petitioner was on notice that he was found adversely credible because in his notice of appeal to the board. If you would slow down just a little bit, it might be easier to understand what you're saying. In his notice of appeal to the board, in Block No. 6 on page No. 25 of the administrative record, he says the adverse credibility determination was an error. He admits that there was an adverse credibility determination, although in his brief to the board in one sentence he claims there is not an adverse credibility determination, the balance of the brief to the board is dedicated to explaining the inconsistencies relied on by the immigration judge in finding him adversely credible. Under these circumstances, the notice requirement was fully discharged, and this case is distinguishable from all the other cases. It is analogous to Leon Barrios, and it is analogous to persuasive authority from the Second Circuit in Zaman. Additionally, this case is a Post-Real ID Act case. And this Court has said that the case law has been, in this circuit, has been abrogated, the case law which required notice from the immigration judge as well as the notice question you probably or may know I think is on Bonk still? I think you're talking about the Silva case. Isn't that still on Bonk, or has that on Bonk come down? I forget. I'm referring to the Singh case, 2002 case. Singh, that's what I meant. Yes. The Singh, is not that, has that gone on Bonk? Not to my knowledge, Your Honor. I would be happy to provide supplemental briefing to the panel. You don't really have to provide anything. I will tell you it has gone on Bonk. Okay. It went on Bonk at 623 Fed 3rd, 633. Okay. But the Court's decision in Singh. So that case doesn't exist, right? It cannot be cited. Excuse me? That case cannot be cited to us, correct? Okay. Persuasively, the Court should look at the Court's decision in that case. Additionally, it is this case is distinct from the case cited by Petitioner because it is a post-Real ID Act case. And the post-Real ID Act changed the notice requirement. That is our position. We're in the Real ID Act, does it say, that the I.J. need not be cited, but the I.J. need not be used.  It does not make an explicit credibility finding. I thought there was something in the Act that said in the absence of an explicit credibility finding, you presume the person to be credible. Isn't there something like that in the Act? Your Honor, our position is not that the Act doesn't require an explicit adverse credibility determination. It does require an explicit adverse credibility determination. Where does it abrogate Ninth Circuit law about what explicit means? I'm referring to Section 8 U.S.C. 1158 B.3.B.3 regarding the corroboration requirement, as well as subsection B.3.B.2 regarding credibility determinations. There is a presumption of credibility. However, our position is that here the immigration judge made an adverse credibility determination. And no magic words are required for her to do that. She listed the inconsistency. She dismissed the explanations. Petitioner – specifically, the Petitioner could not testify credibly regarding the incidents that precipitated his flight from China. And when asked about those inconsistencies, he stated that he couldn't memorize the answers. The immigration judge stated that in her decision. There's no other analysis. If we disagree with you on what the I.J. did, what would you like us to do? Your Honor, if the – if the panel disagrees with us regarding the explicit adverse credibility determination, the case should be remanded to the board for the board to make a determination on eligibility from relief in the first instance. Okay. And will the board – is the board going to be required to presume that Mr. Lee is credible, or does the board have the discretion to return it to the I.J. to enter in credibility findings? The board will have the discretion to remand it to the immigration judge. In your experience, would that go back to the same I.J. that had had the case, or do they start from scratch? Your Honor, I'm – I don't know. I've seen it both ways. I wouldn't – I don't know if it would go back to the same immigration judge. In conclusion, the adverse credibility determination is supported by substantial evidence, and the Court should deny the petition for review. Thank you. Thank you. Mr. Smitsky, you have a couple of minutes remaining. Your Honors, I guess the first point is, in my experience, it would actually go down to the same immigration judge. That judge will end up doing what she wants with it. Sometimes they'll just look at the record, and sometimes they'll say, it's been so long, I want to – I want to take more testimony and hear the case again. So she would have either of those options? Yes, she would. And as far as we know, there's been no turnover in employment. She isn't – She is currently still there. Your Honor, I guess my first point is that simply because the judge said that credibility was an issue in this case doesn't really mean much credibility is an issue in every single case that comes before an immigration judge, every single one. But if you characterize what the I.J. said, bearing in mind that she didn't have the and it was recorded and we have the transcript of the recording, isn't essentially what she said is this. The applicant has the burden of proof. In order to sustain his burden of proof, he must be credible because his testimony is central and essential to sustaining his burden of proof. I find he did not sustain his burden of proof. Under those circumstances, isn't she saying he isn't credible? Your Honor, I think because she stated on several different occasions that she did not know what to believe, the judge then turned to the corroborating evidence. So I believe that when a judge is sitting there and says, I'm not sure what to do with this person, I'm not sure if they're credible or not, they will turn and look at the evidence and say, you know what, if I can go either way and this person has given me all the documents that I could possibly require, I'm going to find that he's met his burden of proof. On the other hand, if the judge looks at this person and says, I'm not sure what to believe, he hasn't provided me any evidence to support his claim, I'm going to find that he hasn't met his burden of proof. Isn't that a Scotch verdict? I'm sorry, Your Honor? I said, isn't that a Scotch verdict? Isn't the judge, I.J., saying that you haven't sustained your burden of proof? Yes, Your Honor, but not sustaining your burden of proof is different than saying that you are out and out not credible, because there are different factors, one of which is credibility, one of which is the evidence that you're presenting. I would argue that even if this person was, the judge is saying, I don't think that this person is probably credible, but then presents such strong evidence that Isn't it possible to say that a witness is not persuasive without finding that the witness is a liar? Yes. Yes, because there could be many things that are going on. You know, this witness could have had a translation issue. This witness could have been, you know, extremely nervous beyond the norm on that day. The judges didn't know. So you're saying that when the Ninth Circuit has asked for an explicit credibility determination, the what the court is searching for is a specific finding of perjury? No, Your Honor. Based on the case law, you know, in the Ninth Circuit and the Real ID Act and the universe of things that the judge is allowed to look at, the judge doesn't necessarily need to say that you are lying to me purposely. The judge can say, you haven't been persuasive. You fidgeted in your chair too much. I thought that meant that maybe you were not telling the complete truth or something along those lines. The judge doesn't have to find that a witness is either perjuring or simply telling the complete and whole truth. Just like the judge doesn't have to find a frivolous asylum application every time they find someone not credible. Thank you, counsel. We thank both counsel for the argument. Liefers and Holder is submitted.
judges: Singleton, Fernandez, Bybee